UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TODD G. HESTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:25-CV-30-KAC-DCP |
| ) | |
| CANDIDO'S INC. d/b/a ) | |
| CANDIDO'S TOWING & REPAIR, and ) | |
| RICHARD JACOBS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

_____

| | |
|---|---|
| TODD G. HESTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:25-CV-121-KAC-DCP |
| ) | |
| MILLER INDUSTRIES INTERNATIONAL, INC., ) | |
| MILLER INDUSTRIES TOWING ) | |
| EQUIPMENT INC., and ) | |
| MILLER INDUSTRIES, INC. ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Motion for Preservation of Evidence and Inspection of Motor Vehicle [Doc. 34], filed by Defendants Miller Industries International, Inc., Millier Industries Towing Equipment Inc., and Miller Industries, Inc. (collectively, "Miller Industries"). They claim that "[a]t the heart of this case is the Candido tow truck that rear ended a tractor double trailer

operated by Plaintiff while the Candido tow truck was towing a UPS tractor double trailer in a mountainous area of Kentucky and Tennessee and claimed to have no air brakes available" [*Id*. at 2]. On June 27, 2025, counsel for Miller Industries sent a preservation letter to counsel for Candido's Inc., d/b/a Candido's Towing & Repair ("Candido's Inc.") [*Id*.]. According to Miller Industries, "the letter requests not only the preservation of relevant evidence regarding stopping and braking that would be contained in on board computer data[] but also the letter requests an inspection" [*Id*. at 2–3 (footnote omitted)]. They state, "No dates have been provided and no assurance provided that the Candido vehicle is in the condition as it was immediately post-accident or that any data from an ECM or EDR is available" [*Id*. at 3].

Miller Industries further submits that "this Court has the authority to preserve the integrity of the discovery process and prevent any spoliation that would lead to an adverse instruction to the jury" [*Id*.]. In addition, they claim that "[Rule] 34(a)(2) [of the Federal Rules of Civil Procedure] permits the requesting party to 'enter onto land or property possessed or controlled by another party so as to inspect, measure, survey, photograph, test, or sample the property or object'" [*Id*. (citation omitted)]. Miller Industries contends, "A video produced in discovery depicts a Candido employee disassembling certain air line tubes and fittings outside the presence of other parties or counsel" [*Id*.]. They therefore "request[] that the Court grant this motion for the preservation of the tow truck and component parts and grant the non-possessory parties leave to inspect the tow truck and component parts pursuant to a protocol established among the parties" [*Id*.].

As to Miller Industries' first request, a preservation order, it is not necessary. *See Swetlic Chiropractic & Rehab. Ctr., Inc. v. Foot Levelers, Inc.*, No. 2:16-CV-236, 2016 WL 1657922, at *2 (S.D. Ohio Apr. 27, 2016) ("Generally, preservation orders are unnecessary because parties to civil litigation have 'a duty to preserve relevant information'" (quoting *John B. v. Goetz*, 531 F.3d

2

448, 459 (6th Cir. 2008)). As to Miller Industries' second request, to compel an inspection, "Rule 37 of the Federal Rules of Civil Procedure permits a party to file a motion for an order compelling inspection if another party fails to grant inspection pursuant to a proper Rule 34 request." *Access 4 All, Inc. v. W & D Davis Inv. Co.*, No. CIV.A. 2:06-CV-504, 2007 WL 614091, at *1 (S.D. Ohio Feb. 21, 2007).[1] But prior to filing such motion, the parties must meet and confer, and if they cannot resolve the issues, they may contact the undersigned [Doc. 32 pp. 2–3; *see also* Fed. R. Civ. P. 37(a) (explaining that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action")]. Miller Industries has not complied with this procedure. Given that, the Court **DENIES WITHOUT PREJUDICE** the motion [**Doc. 34**].

    IT IS SO ORDERED.

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[1] It is not clear from the filings whether Miller Industries served a formal Rule 34 request.